JUSTICE MUNDY, Dissenting
I join Chief Justice Saylor's dissenting opinion in full. I would affirm the Commonwealth Court's grant of summary relief invalidating Sections 3 and 4 of Executive Order 2015-05 (Executive Order). I recognize it is a justifiable goal of the Executive Branch to collect information to best serve the needs and welfare of the citizens of the Commonwealth. For that reason, I agree with the Commonwealth Court that the Governor's Advocacy Group on Participant-Directed Home Care created by Section 2 of the Executive Order is within the scope of the Executive Branch's power and serves a legitimate purpose. However, the Direct Care Worker Representative Election Process, Meet and Confer Process, and Memorandum of Mutual Understanding subsections memorialized in Section 3 create an employment relationship between DCWs and the Commonwealth.[1]
DCWs are hired directly by the participants and are not subordinates of the Executive Branch. Under Section 3, a Direct Care Worker Representative is designated through an election conducted by the American Arbitration Association and tasked with meeting on a monthly basis with The Secretary of Human Services and the Deputy Secretary of Human Services for Long Term Living. Section 3(b)(2)(a)-(h) discusses the issues that "shall" be discussed including, inter alia , recruitment and retention of qualified DCWs, standards for compensating DCWs including wage ranges, health care benefits, retirement benefits and paid time off. Section 3(c)(1) then states "mutual understandings reached ... shall be reduced to writing." Executive Order, § 3(c)(1). In addition, the section states "[w]here appropriate ... understandings reached ... will be implemented *1197 as the policy of the Department related to Direct Care Workers providing Participant-Directed Services." Id. Recognizing the aforementioned language in Section 3 was analogous to language in the Pennsylvania Labor Relations Act and Pennsylvania Employe Relations Act, the Commonwealth Court concluded the Section 3 directives amounted to collective bargaining. I am compelled to agree. Despite the Majority's conclusion, Section 3 is not a "voluntary discussion process." Majority Op. at 118. It is a mandated process for electing and conferring with one purportedly representative designee regarding policy considerations implicating all DCWs.[2]

Appellants contends that it would be misguided for this Court to invalidate an executive order on the basis that it "looks too much like 'legislation.' " Reply Brief for Appellants at 2. I respectfully disagree, however, that the separation-of-powers doctrine should be interpreted to permit any branch of government to operate freely within another sphere (or at least freely to the point of a bright-line conflict), subject only to the technical unenforceability of such operations in a court of law. To me, the fact the executive order in issue looks like legislation is highly relevant here. Indeed, and as otherwise noted, certainly private actors in the present context have relied on such appearances in furtherance of their own undertakings.

The Majority disputes this conclusion asserting the Executive Order does not contain "the hallmarks of collective bargaining[.]" Majority Op. at 1189. I respectfully disagree. For example, the first hallmark listed by the Majority in support of this averment is the absence of an exclusive bargaining representative. Nevertheless, the Order explicitly states, "There shall only be one Direct Care Worker Representative recognized at any time." Executive Order § 3(a)(3). Accordingly, there is a de facto exclusive bargaining representative.